**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4292-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CANTREL C. SPARKS,

    Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided February 22, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-06-0781.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Cantrel C. Sparks appeals from a March 30, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant reprises the arguments raised before the PCR court, claiming he was denied the effective assistance of both trial and appellate counsel. More particularly, defendant raises the following points for our consideration:

POINT ONE

A. THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO OBJECT TO THE INTRODUCTION OF TESTIMONIAL HEARSAY THAT [DEFENDANT] SHOT THE VICTIM.

B. THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO OBJECT TO OFFICER SAWYER'S EXPERT TESTIMONY THAT THE INJURIES TO MR. GREEN WERE THE RESULT OF A GUNSHOT WOUND.

C. THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO REQUEST A CLAWANS[1] CHARGE.

D. THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING

---

[1] State v. Clawans, 38 N.J. 162 (1962).

A-4292-19

APPELLATE COUNSEL'S FAILURE TO RAISE THE
ABOVE-STATED ISSUES ON DIRECT APPEAL.

We reject these contentions and affirm. But we remand for the limited purpose

of correcting the judgment of conviction (JOC).

We summarize the State's contentions at trial to lend context to trial

counsel's strategy, reiterating the facts set forth in our prior opinion:

> The State contended that defendant and his paramour and co-defendant, Nicole Zotolla, conspired to rob the victim[, Larry Green]. Zotolla pled guilty to a lesser offense and was the State's chief witness at trial. She claimed to have accepted the victim's invitation to meet for drinks. While she was out with the victim, defendant called and was very upset. The victim grabbed Zotolla's phone and told defendant "he wasn't scared of him and . . . stop calling."

> Unbeknownst to the victim, defendant had sent a text message to Zotolla, telling her to drive the victim to Zotolla's former residence, which was unoccupied at the time, where defendant intended to assault and rob the victim. When Zotolla and the victim arrived, defendant was waiting in the driveway. The two men ran towards each other and began to fight, with the victim soon being on top of defendant. Zotolla saw the victim with a gun, which he had shown her earlier at the bar. Zotolla drove away and returned to her home where she met Rachid Rosa, defendant's brother [and co-defendant]. Rosa was "flustered" and told Zotolla not to call police.

> Zotolla testified that she spoke with defendant after the incident, and he claimed the shooting was an accident. Defendant said he tried to take the gun away

3

from the victim, and the two were fighting over the gun when it discharged. The prosecutor confronted Zotolla with a prior statement she provided two weeks before trial.

> In that statement, Zotolla admitted being part of a plan to rob the victim. She saw defendant and Rosa attack the victim in the driveway before she drove away. Zotolla also stated that defendant told her he and the victim struggled over the victim's gun, and defendant eventually took control of it and struck the victim with the gun before it accidentally discharged, hitting the victim in the forearm.
>
> After the shooting, the victim knocked on the door of a nearby home and told its occupant that he had been shot. Pemberton police officer Shannon Sawyer was dispatched to the scene, where she observed the victim with a significant amount of blood on his forehead and left arm and concluded he had been shot. Police recovered a spent shell in the driveway of Zotolla's former residence, as well as defendant's cell phone. They also obtained data from Zotolla's and defendant's cellphones that verified, through text messages, defendant's instructions to Zotolla regarding the robbery.
>
> [State v. Sparks, No. A-0678-16 (App. Div. Jan. 11, 2018) (slip op. at 3-5) (footnotes omitted).]

Green did not testify at trial. During his opening statement, the prosecutor told the jury Green "d[id] not want to participate." Seizing on the victim's absence, trial counsel rhetorically asked the jury: "Who doesn't show up to his own party?" Trial counsel postured Green would not testify because "he lied to

4

the police. He lied about what turned out to be serious charges against [defendant]. [Green lied] about a robbery. It wasn't a robbery, and Larry Green is no angel." Emphasizing Green's absence again during her summation, trial counsel argued defendant did not rob Green but merely engaged in a fight about Zotolla, during which the gun accidentally discharged. Counsel reminded the jury Green brought the gun to the scene.

The jury convicted defendant of four of the five offenses charged in a Burlington County indictment: second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); third-degree conspiracy, N.J.S.A. 2C:5-2(a); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2). Defendant was acquitted of the most serious charge: first-degree robbery, N.J.S.A. 2C:15-1(a)(1). After ordering the appropriate mergers on the weapons convictions, defendant was sentenced to a seven-year prison term, with a parole disqualifier of forty-two months under the Graves Act, N.J.S.A. 2C:43-6(c), on the possession of a weapon for an unlawful purpose conviction; a concurrent five-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the conspiracy conviction; and a concurrent five-year prison term on the aggravated assault conviction.

A-4292-19

Appellate counsel thereafter raised two points challenging defendant's convictions on the weapons offenses, and a third point contending his sentence was excessive. Sparks, No. A-0678-16 (slip op. at 2-3). We reversed and remanded defendant's convictions on both weapons offenses and vacated the sentence imposed on those merged counts. Id. at 11-12. Accordingly, we did not reach defendant's excessive sentencing argument. Id. at 12.

On remand, the sentencing judge reimposed the same concurrent five-year prison terms on the aggravated assault and conspiracy convictions and dismissed the weapons offenses. Defendant filed a direct appeal of his sentence, which this court heard on an excessive sentencing calendar pursuant to Rule 2:9-11. We affirmed defendant's sentence but remanded to correct defendant's JOC to reflect 624 days of jail credit as consented to by the parties.[2] Sparks, No. A-3704-17 (App. Div. Mar. 14, 2019), certif. denied, 238 N.J. 236 (2019).

Defendant timely filed a pro se petition for PCR and assigned counsel filed a brief, expounding upon defendant's assertions. Pertinent to this appeal,

---

[2] The record on appeal does not include the amended JOC. In a footnote of his merits brief, defendant seeks a remand to amend the April 11, 2018 JOC to reflect the award of jail credit. The amended JOC shall also reflect that defendant was convicted of third-degree conspiracy, as charged in the indictment and presented to the jury, and not second-degree conspiracy as reflected in the April 11, 2018 JOC.

A-4292-19

defendant claimed trial counsel was ineffective for failing to object to hearsay evidence and Sawyer's "unqualified expert testimony" that Green was shot during the fight; and failing to request a <u>Clawans</u> charge regarding Green's absence. Defendant further claimed appellate counsel was ineffective for failing to raise trial counsel's deficiencies on direct appeal.

Following argument, the PCR judge reserved decision and shortly thereafter issued a cogent written decision, denying all claims for relief. The judge squarely addressed the issues raised in view of the governing <u>Strickland/Fritz</u>[3] framework. Recognizing the jury acquitted defendant of "the most serious count of the indictment" and both firearms convictions were reversed on appeal, the PCR judge was not convinced the performance of trial or appellate counsel was deficient.

Instead, the PCR judge determined trial counsel's performance and decision-making were consistent with her trial strategy. The judge elaborated:

> Trial counsel's strategy was to establish that [defendant] did not commit a robbery, but instead, that there was a fight between two men over a woman, initiated by [defendant,] who was jealous that his

---

[3] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (recognizing to establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense"); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

girlfriend was at a bar with the victim. Trial counsel also argued that the victim had the gun and brought it with him to the confrontation, and that later the victim made up a story about a supposed robbery to cover up that he possessed a handgun.

To be consistent with this defense theory at trial, trial counsel did not object to certain testimony regarding the weapon, injuries to the victim, and other matters, acting in a coherent fashion in presenting the defense's case. All of the actions of trial counsel fit in with the same theory of defendant's case, which the [c]ourt determines was more than adequate assistance of counsel.

Citing controlling precedent, the PCR judge concluded trial counsel employed a strategy that "had a logical basis and consistency, which should not be second guessed." See State v. Castagna, 187 N.J. 293, 316 (2006) (declining to find the defendant demonstrated a prima facie showing of ineffective assistance of counsel where his trial counsel engaged in the "high-risk strategy of admitting [the defendant]'s guilt to lesser-included offenses in the hope that it would enhance [the defendant]'s credibility"); State v. Arthur, 184 N.J. 307, 333 (2005) (affirming trial counsel's decision not to call certain witnesses "based on his assessment of the effectiveness" of proffered testimony favorable to the defendant and counsel's "justifiable concern" with undermining that testimony); see also Strickland, 466 U.S. at 690 (recognizing informed strategic choices "are virtually unchallengeable"); State v. Coruzzi, 189 N.J. Super. 273, 321 (App.

Div. 1983) (observing trial strategy is clearly within the discretion of competent trial counsel). Although the judge was not convinced Sawyer's testimony included inadmissible hearsay[4] or that her assessment of the victim's wounds was grounded in improper expert opinion, the judge found that evidence was consistent with defendant's trial strategy.

The PCR judge also rejected defendant's Clawans argument, finding it was unlikely the trial court would have issued an adverse inference instruction pursuant to the factors set forth in State v. Hill, 199 N.J. 545, 561 (2009). The judge was most persuaded that Green was not "subject to the power or control of the State." See ibid. The judge also found Green's testimony at trial would not have supported defendant's argument that there was no robbery and defendant never possessed the gun.

Similarly, the PCR judge rejected defendant's contentions that appellate counsel was ineffective, aptly recognizing "appellate counsel is not required to

---

[4] On this record, it is unclear whether the victim's statement that he was shot constituted hearsay exceptions pursuant to N.J.R.E. 803(c)(1) (present sense impressions) or N.J.R.E. 803(c)(2) (excited utterances), as the PCR judge found. Instead, we are persuaded, as was the PCR judge, that the admission of hearsay defendant now finds objectionable was consistent with trial counsel's sound strategy. Trial strategy that fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 220 (2002).

raise every non-frivolous issue on appeal." Applying the principles enunciated by the United States Supreme Court in Jones v. Barnes, the judge found no reason to second guess appellate counsel's decision to raise only the deficiencies in the jury instructions pertaining to the weapons convictions. 463 U.S. 745, 751-52 (1983) (recognizing "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues"). As the PCR judge recognized, appellate counsel prevailed on the claims asserted on direct appeal.

Having considered defendant's reprised contentions in view of the applicable law, we are satisfied he failed to satisfy the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. See State v. Preciose, 129 N.J. 451, 462 (1992). We therefore conclude defendant's contentions lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed in the PCR judge's cogent decision.

Affirmed, but remanded for the limited purpose of correcting the JOC.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION